BEAM, Circuit Judge,
dissenting.
I would affirm the decision of the lower courts that certain debts were nondis-chargeable in Chapter 7 bankruptcy proceedings.
As set forth by the court, the evidence before the bankruptcy court established that Bohling engaged in clear violations of the securities laws throughout the entire period in which he managed the appellees’ investments and that Miller and McGavern knew or should have known about those violations but did nothing to stop him, with *430 the result that the appellees’ lost nearly all of their savings.
When Bohling subsequently filed for bankruptcy protection under Chapter 11, the appellees accepted $12,000 as an administrative priority claim and agreed not to sue Bohling for the balance of their loss in exchange for his cooperation in proceedings against Andover. The appellees then filed a statement of claim with the NASD, asserting violations of the Securities Exchange Act, breach of fiduciary duty, and common law fraud against Andover, Miller, and McGavern. On June 20, 1997, NASD-appointed arbitrators entered an award against Andover, Miller, and McGavern, finding them jointly and severally liable to the appellees for $226,000, plus nine percent interest. The arbitration award was later confirmed by the United States District Court for the Northern District of New York. Owens v. Andover Sec., Inc., No. 97-CV-1244, 1998 WL 52058 (N.D.N.Y. Jan.30,1998).
Miller and McGavern filed voluntary petitions for bankruptcy relief pursuant to Chapter 7 of the Bankruptcy Code on May 8, 1998, and December 14, 1998, respectively. Both listed as dischargeable debts the amounts awarded to the appellees in the NASD arbitration. In response, the appellees filed an adversary action, contending that the debts in question were nondischargeable under 11 U.S.C. § 523(a)(2)(A).[7] The bankruptcy court concluded that § 20(a) created an “agency-like relationship” sufficient to impute Bohl-ing’s fraud to Miller and McGavern and therefore concluded that the debt in question was nondischargeable under § 523(a)(2)(A). Owens v. Miller, 240 B.R. 566, 579 (Bankr.W.D.Mo.1999).
I conclude that the bankruptcy court did not err by imputing Bohling’s fraud to Miller and McGavern by way of § 20(a) of the Securities Exchange Act. The court’s determination that Bohling’s conduct constituted fraud within the meaning of both 11 U.S.C. § 523(a)(2)(A) and Rule 10b-5 is well supported. Thus, there is no question but that Bohling’s individual debt to the appellees would be nondischargeable. The bankruptcy court also correctly held that Miller and McGavern were “control persons” and therefore, pursuant to § 20(a), were jointly and severally liable to the same extent as Bohling. Accordingly, the bankruptcy court did not err in concluding that the debts in question are nondis-chargeable under 11 U.S.C. § 523(a)(2)(A).
I recognize that the Eleventh Circuit has recently disagreed with the bankruptcy court’s analysis. See Hoffend v. Villa, 261 F.3d 1148 (11th Cir.2001). The Eleventh Circuit emphasized that exceptions to discharge should be construed strictly, id. at 1149, 1152, a statement with which I agree. See Geiger v. Kawaauhau, 113 F.3d 848, 853 (8th Cir.1997), aff'd, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The Eleventh Circuit focused its analysis on Strang v. Bradner, 114 U.S. 555, 5 S.Ct. 1038, 29 L.Ed. 248 (1885) and its progeny. The Court held in Strang that the fraud of one partner would be imputed to an innocent partner, and thus the innocent partner could not discharge his debt. Id. at 561, 5 S.Ct. 1038. The Eleventh Circuit concluded that because the common law of *431 agency and partnership, on which Strang was decided, and liability under § 20(a) of the Securities Exchange Act are not coextensive, the holding of Strang should not be expanded to include the liability imposed under § 20(a). Miller and McGa-vern similarly argue that an agency-principal relationship is necessary to impute fraud for the purposes of dischargeability.
I believe, however, that the Eleventh Circuit incorrectly limited its analysis to Strang and its progeny. The fact that Miller and McGavern cannot be liable under common law agency principles does not necessarily mean that they may not be liable under § 20(a). The bankruptcy court applied § 20(a) to supplement common law agency principles, an approach that I observe finds some support in our precedents. See, e.g., Commerford v. Olson, 794 F.2d 1319, 1323 (8th Cir.1986) (“There is no basis for believing that ‘[§ ]20(a) was intended to narrow the remedies of customers of brokerage houses .... On the contrary [§ ]28(a), 15 U.S.C. § 78bb, specifically enacts that the rights and remedies provided by the [19]34 Act shall be in addition to any and all rights and remedies that may exist at law or in equity.’ ”) (alterations in original) (quoting Marburg Mgmt., Inc. v. Kohn, 629 F.2d 705, 716 (2d Cir.1980)). Thus, I respectfully disagree with the court and with the Eleventh Circuit’s holding in Hojfend because the opinions do not take § 20(a) on its own terms, independent of agency law. Strang, decided nearly a half-century before the enactment of the Securities Exchange Act, should not be read to control the reach of the Act. It must be remembered that § 20(a) is a remedial statute and thus is to be construed liberally. Harrison v. Dean Witter Reynolds, Inc., 974 F.2d 873, 880 (7th Cir.1992). The statute’s language is straightforward: control persons are liable to the same extent as the persons they control. Here, an aspect of Bohling’s liability is that his debt to the appellees would be nondischargeable. Section 20(a) extends that aspect of Bohl-ing’s liability to Miller and McGavern as control persons, along with all other features of his liability.
Although I agree that exceptions to discharge should come from Congress and not the courts, Hoffend, 261 F.3d at 1154, Congress created an exception from discharge for fraud in § 523(a)(2)(A), and Strang tells us that the fraud need not have been perpetrated by the debtor in order to be nondischargeable. Strang, 114 U.S. at 561, 5 S.Ct. 1038. The question before us is whether the statutory liability of control persons under § 20(a) also includes nondischargeability under the Bankruptcy Code. I conclude that it does.
I note that § 20(a) contains a good faith exception to control person liability. In this case, however, there is ample evidence to support the bankruptcy court’s finding that Miller and McGavern were negligent in their supervision of Bohling (perhaps even to the extent that common law agency principles extend liability) and are thus not entitled to benefit from the good faith exception.
I conclude that the remainder of Miller and McGavern’s arguments are without merit.
I would affirm the judgment.

. 11 U.S.C. § 523(a)(2)(A) provides, in pertinent part:
(a) A discharge under sections 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge any individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider’s financial condition.